Our next case is Google LLC v. DDC Technology, LLC, 25-1315. Counselor Killey, you may proceed. Thank you. May it please the court. Good morning, your honors. There are a lot of issues in this case, which is a consolidation from three separate board decisions. So just to sort of give us all an overview, there is the secondary considerations issue that resolves all of the claims in the 199 patent and most of the claims in the 075 patent. Then in the 075 patent, there's claims 18 and 20, that's the disposed on lever and guides limitation. And then fine. Why don't you start with the objective criteria argument? Absolutely, your honor. So the board made some fundamental legal errors when it reached the copying analysis. And on secondary considerations, it found that DDC could not prove commercial success. It could not prove long felt need. And what the board did was it said, okay, what do we have left here is we have copying. But to get to copying, the board did two things wrong. First, it used the wrong test. It looked for the fundamental features, what it thought the fundamental features were in the copied product, and just looked for those features at a very high level in the alleged copy. But it did something even... It wasn't a comparison of the actual products. It was more of a comparison with the claims. So two things, your honor. First, as to what they compared, they compared too little because they only looked at the fundamental features. But Judge Rayner, to go to directly to your question, the things that they compared were also wrong because they didn't compare product to product. They didn't compare alleged copy to alleged original. They compared each of those... This is not a, this, the, it's a, well, it's not high technology. It's not complex technology. We're talking about that little cardboard box. Right. We're talking about the card... Comparison. What would happen? You really need a detailed comparison of that? Well, you need some comparison, your honor. What they did was worse. The question is whether this was enough. Was this comparison enough? Your honor, it was not enough and it was not enough as a matter of law because what the board did was it did two separate parallel comparisons. First, it compared their prototype and their, and their first actual viewer. They compared it to the claims and they said, okay, it's got something that's within the scope of the claims. Okay. We've got that. Now let's go over and look at Google's product. It took Google's product. It looked at the claim chart, which was the only evidence that DDC produced that it was a copy, a claim chart. And they looked at the claim chart and they said, yeah, it looks like Google's product is also within the scope of those claims, at least the one feature we're talking about. And because it's error, your honor, because this court has said over and over again, that the reason that we can't use a claim construction or a claim analysis for copying is because what we'd end up with is a conclusion that infringing products are copies. But here there were two methods used, not one. Well, they only, the only method they used was comparison to the claims. That's what they did. And, and, and while there are cases like liquid versus L'Oreal, where it's okay to take a patent and to see if someone copied what was in the patent. The reason that's okay is because the analysis is, did they take something from the patent? Here the patent didn't exist. All that existed were these products. And so the use of a claim chart from a patent that hadn't existed, that was legal error. But your honor, even if you don't buy that, even if you think there was some copying here, despite the, frankly, big differences between these two products, even if, even if you think there's substantial evidence, and even if you or did not commit an illegal error, there's, there's another fundamental problem here, which is that our affirmative case of obviousness was a good case. And we know it was a good case because they barely disputed it. The only thing they disputed was a teaching in condo, which is expressly taught by condo. And the board said, we're not even going to credit your witness because your, what your witness is saying is inconsistent with condo. Condo does teach a smartphone and they said it doesn't. So that's it. Something very interesting about this case to me is there are characterizations about the strength of the evidence on both sides. So you insist that your prima facie case is strong. I don't ever see the board actually characterizing it that way. Would you, would you agree with that? I would agree that the board does not use the phrase strong. Two things about that, your honor. First, the finding of the strength of the prima facie case, that's not a finding that they have to make. That's involved with the balancing. That's de novo review. We don't need the board to have said anything about that for them to have committed a legal error. The second thing. You have to make a prima facie case first in order to, to defend yourself against secondary considerations. Well, certainly we have to make a prima facie case or an assertive showing of obviousness for them to shift the burden of production to them. Right. And so. But what's not at play is how strong that determination of obviousness is. Right. That comes in at the end when the board is supposed to weigh all the evidence together and here the board just jumped to its conclusion and, and Judge Stark, what I'd say about your question is that what the board did say is they pointed out that DDC did not even respond to our motivation and it was a good motivation that the teachings in CHU allowed the user to change the pressure of the touch on the touchscreen, that they allow the user to apply a swipe to a touchscreen. That's a pretty good motivation. Would have us read into that implicitly that the board thought you made a fairly strong prima facie case of obviousness. Your Honor, we don't need you to read anything into that. We just, you can just take it for granted and this court gets to make its own decision about that. That's where I wanted to go next because as you know, the board did characterize expressly the weight it was giving to the secondary considerations. It called the copying evidence strong. It called the industry praise moderate. Did I get that right? Yes. Okay. And then ultimately it said, I guess that secondary consideration evidence is somehow stronger in some meaningful way than your prima facie case, because we're here on your appeal from, from the board's finding that you didn't prove obviousness is what do I do with those characterizations of the amount of weight given, you've already suggested de novo. Do I decide all for myself how strong, for instance, the copying evidence is, or do I review that for clear error? What, so we think there's a problem with how they got to the copying finding, but accepting that that's a different argument. I got it. And so the answer to that question, your Honor, is that, okay, even accepting there was strong evidence of copying, that just means there was copying. Maybe we, maybe the evidence was so strong. Maybe they're thinking there's no way we could say that wasn't copying. But still at the end of the day, all you're left with is copying. And so at that point, it's this court's job, de novo, to say, okay, here was the prima facie case. Here was the motivation that was substantially non-rebutted. Here's the only thing they said about the prior art, and here's copying and an email with the word ingenious. To get to that point, do we have to disregard a factual finding by the board? No, you don't have to disregard anything in order to reverse the board here with a finding, because we say there's legal error. There was legal error in how they- Let's just assume there's no legal error on the copying. Let's just assume the board correctly found that there was copying, and they also correctly found that you'd shown your obviousness case and that, you know, they didn't even dispute the motivation to buy. It's an easy obviousness case, but it's also an easy copying case. I mean, what are we supposed to do with that? I mean, you're basically just asking us to say, well, you should disagree with the board, because even though there's copying, we were stronger on obviousness. I mean, I know it's de novo, but they're the trier of fact, and they get us to hear all the evidence and stuff in the first instance. And, you know, some of the secondary considerations are really, like, kind of loose and hard to apply, but copying is pretty concrete and objective. And if somebody's copied something rather than, you know, that shows that perhaps somebody has invented something worthwhile, why isn't that? I mean, copying of all the secondary considerations seems to me to be the strongest once it's proven. And so I don't understand. I guess I can say, well, yeah, this is a clearly obvious invention. And frankly, even I know because it's de novo, I could say, well, I would have done, probably found this obvious even with the copying. But where does it just, I struggle because it seems to just write the board out of this whole weighing of copying and obviousness. Your Honor, the board's job with fact-finding is done when it says there was copying. Everything beyond that, the weighing of the case against the secondary considerations, that, Your Honor, that is your job. That's the job of this court. That's a de novo review. How about when the board says the copying evidence is strong? Well, then we still have copying. We still have copying. But do we put, do we review that for clear error, the characterization that the copying evidence was strong? Your Honor, you can take it at this point of the argument for a given that the copying evidence was strong. That was a substantial evidence finding. But even if strong copying evidence, you still have to weigh the copying against everything else. And, Your Honor, copying is indicative of non-obviousness for a particular reason. And the reason is just like commercial success. Well, if it was so obvious, why didn't someone go out and make a lot of money? If it was so obvious, why didn't they do what they saw earlier? And while that might be some intuitive sense of maybe it's not obvious, you cannot judge it without looking at the prima facie case. You just can't do that. And we would say that's what the board did. And it's this court's job to look at that de novo and to consider that weighing. Do you have authority, a case that you can cite to us in support of what you just said? To support the issue that the weighing of obviousness is a de novo review? Yes, that's probably in KSR. I mean, there's underlying fact findings, but the ultimate question of obviousness is a question of law. But there's underlying fact findings. Sure, there's underlying fact findings. And it's that if there's substantial evidence. So you have to prove obviousness with facts supported by substantial evidence. So the substantial evidence supports the facts and then you have all the facts on the table. OK, in this case, let's say hypothetically you have copying. You have a little evidence of praise, no commercial success, no long felt need. You have teachings that were substantially not disputed, a motivation that was substantially not disputed. Whether that all gets you to obviousness or not, that's a legal question. And that's a question for this court. They cite ADAPT at page 24 of the red brief. The existence and weight assigned to any objective indicia, not obviousness, are underlying factual questions the appellate court reviews for clear error. It's probably a district court appeal. Does that apply here? That is that we would review for clear error or for substantial evidence both the existence and the weight assigned to objective indicia. You would you would review for substantial evidence the finding that there was copying the board's statement that there was strong evidence of copying at you. You could accept that the board thought the evidence was strong. In other words, the board absolutely. Then it's for us to decide how strong relative to the strength of your prima facie case. Almost. It's it's for you. It's for this court to take the fact of copying.  You want to accept it and put it in the mix with a motivation that was not rebutted, findings that were not substantially challenged, the lack of any other strong secondary consideration, and then put that all together and weigh it and then decide whether or not that it was obvious. That's what's for this court to do. And we would say in this case, we had a strong case. And the fact that the board didn't say it doesn't mean it wasn't strong. The board seems to have put at least implicit weight on the fact that you chose not to put on any case, evidently, of how you developed your product. Is that a fair interpretation of what the board said? And can we credit that? Well, you you can credit that we didn't put on that evidence. It was their burden of production. And the reason we didn't put on that evidence is because they made a very passing attempt at showing copying. They did it with a claim chart. And we came in and we said, which is what is legally unassailable, which is that you cannot prove copying by comparing products to claim charts. You just can't do that. That's all they did. They didn't have a single witness. They didn't have any expert that said, hey, I looked at these things and I'm in the I'm in this field. And I think the first thing is a copy of the second thing. They didn't have that evidence. Can you say something about industry praise? Sure, Your Honor. So the industry praise evidence that they relied on was the phrase ingenious in an  And if you and if you look at that email and it's in the record, Your Honor, in almost the same breath, the Google designer who said ingenious said ingenious, but it's not going to work. And the reason it's not going to work is because you can't do a particular feature. We need you to be able to do. And they had said originally, you know, intuitively, we don't think this is going to accommodate the feature you need. Maybe Google should change its software. And that was not an option. The operating system is the operating system. And so when they said it was ingenious, that's an engineer talking to another engineer that says, yeah, ingenious button, but it's not going to work. When we use the word industry in this context of secondary consideration, what does that mean? I mean, does it two engineers enough? Do you need 10 engineers or three companies? Yeah. So I think the easiest way for me to answer that right now, Your Honor, is that one thing we can discount is a self-serving statement. And so I think what Your Honor is getting at is does it does it mean all these other companies such that the industry thinks it's great or is it just the one individual? There's not real clear law on that, or we would have said that they, you know, they were on the other side of that law. But we do have clear law on the fact that if it's a self-serving statement, if it's a prospective business partner praising somebody else and then telling them why their product wouldn't work, well, that's not enough. That's not industry price. We'll rest on our briefing for the other issues unless the court has any questions. Thank you very much. All right. Thank you, Your Honor. Mr. Alexander, you have 15 minutes. Good morning and may it please the court. The board relied on objective indicia of non-obviousness in finding Google failed to carry its burden. The weight to be given to evidence of secondary considerations involves factual determinations, which this court reviews only for substantial evidence. That's from the Volvo Penta case this court decided a few years ago. Sure. But I mean, this is the problem. We can agree that the board found there was copying and that the board found industry praise. The industry praise moves the needle for me, not one iota. Those random statements, if that's all you had, it wouldn't come close. So it's copying. Let's just assume I think there's an incredibly strong case of obviousness and you have a case of copying that the board says is strong. I'm not so sure how strong it is. What do I do with that? I mean, it's it's they're basically asking for a do over and they get it because our case law says it. But it seems kind of arbitrary for me to say, well, I think the board's wrong. I'm allowed to do that. But what principle would guide me in doing that? Or affirming the board on a de novo basis. So the question of obviousness as a conclusion of law is de novo. But the question of copying, including the Okolo Kim case that Google relies heavily on, actually says that the board or the finder of facts reason. Oh, yeah. No, no, no. I get it. I'm not going to try to argue with the board that there was copying here or even the board found it strong. But secondary considerations are secondary considerations and you have to balance them against the obvious prima facie obviousness case here, which is incredibly strong, too. And what do we do? OK, well, why is copying. And let's just put aside the industry appraisal, I know the board found it, but that makes no difference to me. Why is copying enough here to overcome that really strong obviousness case? OK, first, it's important to talk about the legal standard because Google, in CDC's review, misstated the standard in saying that a strong or copying can't overcome the strong prima facie case of obviousness. This court in. Oh, of course it can. Yeah, I'm not arguing that. But what do I do when I'm trying to make this balance? How do I make that balance? I have to set aside the board's decisions because it's de novo. You don't have to set aside the board's decision to. But they don't get any deference on that balancing. It's de novo. OK, make up my mind. They do get deference on both the fact. I understand you're being pedantic about issues that I'm not asking you about. I already told you, OK, I accept all the factual finding that there's copying here, that even the board found it was strong copying. We've got that in one bucket. We've got a strong case of obviousness in the other bucket. The board weighed it one way. Why do I weigh it the same way or should I weigh it? Can I weigh it differently? Well, let's talk about the facts of this case. DDC or Dodo case, its predecessor in interest, had an NDA with Google. They go to Google with the improved input mechanism and only after DDC shows it. And I understand that that the industry praise doesn't move the needle for you. But nonetheless, I understand the facts. I am asking a very high level legal question about how I do a de novo balancing of obviousness when we have two buckets that seem to me to be very, very close. And frankly, if I were the fact finder, I would have probably come out the other way. And I think if that's what I would have come out on obviousness, I should still come out that way because it's de novo, right? No, I don't think so, because the here, the copying, it wasn't just the fact of copying. It's the reason for the copying, which is also a factual issue. And some of the case law that DDC cites in its brief talks about the obviousness issue is about whether a person of ordinary skill would have plucked these two references here, Condo and Shoe, out of the sea of prior art and combined them here. Ward found they did. And you didn't even oppose on motivation to combine. We did, Your Honor. There were three proffered reasons for motivation to combine. The board rejected two of them. One of them, the board found. But actually, our evidence did refute that because Condo had a particular type of touchscreen and there was some confusion. The Condo reference was very confusing. We had an expert that went unrebutted on these points. They did not depose him, who said that one of ordinary skill in the art, reading Condo would understand very clearly what it very specifically describes is a surface capacitive touchscreen. That's the sort of touchscreen that's used on ATMs and the like. It can only accept input at a single touch location at once. And therefore, the shoe mechanism with its ability to do swipes or varying pressure inputs, it wouldn't have done Condo's touchscreen any good. And so we put in pages from our expert on that. Now, the board accepted their motivation to combine, but that doesn't mean we didn't rebut it or that there isn't a problem because Google, one of the things that the board found was that Google was not relying on Condo's touchscreen for its obviousness combination. But I believe it's pages 40 and 41 of our brief. We collect citations to Condo where it, I'm sorry, to Google's petition where they very specifically say they're relying on Condo's touchscreen. So that expert testimony we put in about the reason a person of ordinary skill in the art would not have combined shoe and Condo, it actually does address the. Do you think this is a weak case of obviousness? Yes, Your Honor. We think there was a real problem with the Condo reference. How do we determine the weight? I mean, there's either obviousness or not, a finding of it. There's a standard to review by which we review the board's decision on it. It seems to me if we start saying that, determining whether an obviousness finding is strong, very strong, super strong, weak, and then we go over to the secondary consideration and we call this weak or strong or very strong. I don't see any authority or I don't know of any cases that help us meet those parameters. Would it not be a situation where the initial secondary consideration findings are factual findings and there's a statutory standard to review for a factual finding? And if they're supported by substantial evidence, then why is it not that the inquiry ends there? Well, Your Honor, DDC agrees that the board... You would agree with that? I would agree with that, Your Honor. And I think it goes to Judge Hughes's wrestling with the de novo ultimate conclusion of obviousness. But here we think we have very experienced engineers at Google who are probably people beyond the level of ordinary skill in the art, and they did not combine Condo and Hsu. What they did was they received DDC or Dodo case's prototype and they and then several months later introduced something that the board looked at all of the evidence, including the declaration from Patrick Buckley, the inventor. So it's not true that we didn't put in any witness evidence. But they looked at that and said, there's very strong evidence here. And the case law like the, let's see, Dupuis-Vine, the defendant's engineering design team had settled on one design and suddenly changed direction to adopt a feature disclosed in the patent as soon as it issued. This court held that the defendant's initial attempts at one design together with the prompt adoption of the claimed feature soon after the patent issued are relevant indicia of non-obviousness. And that that's very similar to what happened here. And that is better evidence than the sea of prior art and the idea that they would have plucked it out, Condo and Hsu out and combined them together despite the very real problems with the Condo reference that that we identified. We go back to the issue of what is the strength of their prima facie case. Google, of course, insists it was a strong prima facie case of obviousness. You're sort of trying to tear it down understandably. Do you see anything in the board opinion that tells us how strong a prima facie case they thought it was? I'm not aware of anything where they adopt the the characterization that Google has presented. And in fact, where we did argue for secondary considerations, where we tied that to the claim, they decided that the secondary considerations overcame. So then looking at secondary considerations there, they are explicit in saying the evidence copying they thought was strong, the evidence appraised they thought was moderate. Do I review that for substantial evidence? Those characterizations of how good a showing you made of those secondary considerations? Yes, your honor. I believe there is law cited in DDC's brief saying that the weight attributed by the finder of fact to the objective vindicia is a fact question and therefore reviewed for substantial evidence, just like the reason for the copying. Because some of the law that that Google cites suggests that, well, we don't always know why copying occurred. Maybe it was just because the infringer had no respect for the patent system. But here, here, Google has not argued that it doesn't have any respect for the patent system. We do have a factual finding by the board. They looked in their final written decision. They recount the circumstances that led to all the background here. And they say those are relevant, including the, you know, the disclosure of the prototype and the response to it, followed by the adoption. The implicit, I think, in your discussion with Judge Hughes, but I just want to make sure is you do agree that this court sitting de novo. Looks at the strong evidence of copying, the moderate evidence of industry praise and whatever we think of the strength of the prima facie case, and we have to do our own weighing with no deference to how the board weighed it. You agree with that? I agree that the ultimate conclusion of obviousness is de novo. And what you mean by that is that I'm right, that we ultimately weigh it all by ourselves. We have to agree what's on the table, but then we decide for ourselves which is the stronger weight. Is that right? Whether your secondary considerations outweighs their prima facie case. I don't have a citation to dispute that, Your Honor. You had some discussion in your brief of failure of others or failure of Google. That was a secondary consideration that the board did not find that you had established. So we should defer to the board's finding that you failed to show that, correct? We haven't challenged that on appeal, Your Honor, but all of these facts really go together in that some of the same facts that underlie that, the board did discuss those in finding that it gave modest weight to the industry praise. And then, of course, the motivation for the copying, which the board weighed heavily. How do we determine whether a particular decision made by the board as to obviousness is strong or very strong? How do we, how do we, what are the categories that we're supposed to click off? I don't have a standard, Your Honor, to describe on how to decide whether it was strong other than looking at the final written decision that this court is reviewing. And there has been no, nothing from the board that I'm aware of where it characterizes the prima facie case of obviousness as strong. And in fact, I submit that the WBIP versus Kohler case really undermines that sort of approach that Google advocates for in its brief, because what the WBIP case quoted in DDC's brief stands for is there is no analysis of the prima facie case of obviousness in a conclusion, wow, this looks really strong. OK, now let us go and see if there is any secondary considerations that would cause us to reconsider. That's an erroneous approach to obviousness. Instead, you look at all of the Graham factors, including objective indicia. So that's probably a better term for it is objective indicia rather than secondary consideration, because that's that gives the wrong idea about the Graham use of secondary considerations. Nonetheless, the WBIP. We don't need to quibble about the language, but the Supreme Court test that describes this talks about them as secondary considerations. Yes, Your Honor. And so I won't quibble about the language, but I will hold to WBIP where it says it would be error to decide on the strength of a prima facie case. Sure. We have to consider all of them together. It's not a meet this and then balance this. It's considering them all together. We get that. And so going to the how do you weigh all this and how do you look at the prima facie case of obviousness? I'll go back to the evidence that DDC put in, quoted in our brief, discussed in our brief at pages 40 to 41. But like I said, pages of expert testimony about how why one of ordinary skill in the court would not understand that Condo's touchscreen would benefit from Chu's mechanism. And that testimony went unrebutted. There was no reply expert declaration. There was not a deposition. And so the only evidence of record is that there is a serious problem with with Condo. And like I said, Google did rely on Condo's touchscreen 1506 in its petition. We give several citations to that effect. OK, counselor, thank you for your thank you. Counsel, will we restore your time to 30 minutes? Thank you, Your Honor. So, Judge Rayner, to go back to your question about DeNovo review, I cited KSR. I stand by my recollection of that case. But in our brief at page 31, we cited Uber VX1 for the proposition that it's a DeNovo review, which I think at this point is disputed. Your Honor, I understand that perhaps all three of you are. My problem isn't what the standard review is. My problem is when there's arguments that are made that a particular obviousness finding has some sort of measurable strength to it. Very strong, prima facie, it's weak, you know, super strong. And the same thing seems to happen with with with the objective criteria. That it's it's it's a strong case of objectiveness, you know, and then hearing you today, you get both of those determinations, bring it together for a third step. And that's DeNovo. We consider all those factual findings made up front at the 103 initial determination, at the back end, looking at at the objective criteria. Now we engage in another process where we're the fact finders. And I have a problem with that because the statute doesn't say we're fact finders. In fact, it says we have no authority to weigh the facts. I understand that, Your Honor, and when we talk about the re-weighing, we're not talking about weighing the facts. The issue about the strong case or the weak case, if I can, Your Honor, I would. You can finish. Here's here's my struggle with this case. I think we all understand that the ultimate question of obviousness is DeNovo and that we defer on the underlying factual question. When we have a board that has looked at this and looked at the obviousness, looked at the secondary considerations and determined that based upon a weighing of all, all of that, obvious is not has been has not been shown. What principle way can we come in, defer to the factual findings and say the board's wrong? What's our guiding post other than we just disagree? Or is it we just disagree? Your Honor, we just disagree would be enough. And if you don't think there's anything... I understand that. That's very unsatisfying. It seems like just us coming in and saying, well, we have the judicial power, so we're going to do it. I would like some principled way to approach these decisions. Particularly, we don't get this kind of secondary consideration evidence very often. And I know you want to dispute how strong it is, but copying to me is one of the most important secondary considerations. And I really struggle, even though I agree you have a really strong case of obviousness, why I should be stepping in even though I can and say the board's wrong. So, Your Honor, the first thing I would point you to is page 42 of our brief in the Supreme Court's holding in Dow Chemical versus Halliburton. And you'll see there in our parenthetical where we say, holding secondary considerations, quote, are relevant only in a close case where all other proof leaves the question of invention and doubt. May I continue, Judge Arena? He's out of time. I'm out of time. Oh, no, you can continue. And then the next case we cite now, Propion Pharmaceuticals, secondary considerations evidence could not, quote, overcome the clear record that the claims are obvious. Your Honor, I think that we got this word strong in our case law because there is the principle that when the when the prima facie case is strong, it's never going to be overcome. And there are cases that say secondary considerations, even when present, cannot overcome a strong case. But you don't need a strong case when you're weighing it. And I think these kinds of guideposts, which are if it's clear that it's obvious from the record, if it's clear, if you have no doubt, then those are the types of cases where the secondary considerations are not going to save the day and certainly not going to save the day. Where they don't... Secondary considerations, don't they apply even though there's a finding of obviousness? It doesn't undo the initial finding of obviousness, doesn't unwind it. It just says there is a finding of obviousness. But despite that, in order to prevent us from engaging in hindsight and all these other reasons, we're going to look, is there other considerations that will show us that this is an invention, that it's not obvious? And that's where you get into, you know, the different nerves like copying. Isn't that right? Yes, Your Honor. So at the end, you put everything together, certainly. And if the prima facie evidence leads you down a road where you think, well, if I just looked at that, I would think it's obvious. But if I look at this commercial success and they made 200 million dollars, I'm thinking maybe it wasn't so obvious. You're arguing that third step. Well, at first there's an initial finding and then there's one dealing with the secondary considerations. Then you go to have a super court now. You get together and now we have de novo review and we get to weigh facts and credibility and the whole bit. Isn't this, doesn't objective criteria of non-obviousness, it's exactly what its name says. There's been a finding of obviousness. But despite that finding, for these reasons, we should not, we should not, we should not find that, we should not have a finding that's final on non-obviousness or un-obviousness. So, Your Honor, I would step back from that and say that there's never a finding of obviousness, that obviousness is not something that's supported by substantial evidence. Obviousness is determined based on facts which are themselves supported by substantial evidence. We have facts in this case that are supported by substantial evidence, including the motivation, including the teachers and other references. And I'll accept for the purposes of this argument, including copying. All supported. Those facts are considered and the determination is made that it's obvious. Let's say there's a 103 determination made of obviousness. Step two, despite that, here's some evidence of secondary considerations or objective criteria. And the reason that we do that is to find that, to promote innovation and inventiveness and to keep good patents, you know, available. So. So that's a second step. Now you take us to a third step. Well, Your Honor, I would disagree that there's a third step. No, you're telling us there's a third step. I'm telling you, Your Honor, once you have all the facts and you're at the end of the day, you're telling us there's only one. Well, I'll accept that there's a fact finding step. There's a fact finding. Right. There's a fact finding. But when you determine obviousness, there's not multiple steps. There's one. There's one step. And we have this, Judge Rainer, we have this two step concept because we're so familiar with examination approaches in prima facie cases. But yes, you don't make an obviousness finding and then go to secondary considerations in a case like this where all the evidence is there. You make one legal balancing. So it's two steps. One, are there facts supported by substantial evidence? If so, two, let me weigh those facts together and decide if that is a legal merit or they point to obviousness. And Judge Rainer, I agree. There are secondary considerations that intuitively pull you away from a conclusion of obviousness when you look at the prima facie evidence. But we would say in this case, it's not even close. OK. All right. Thank you, Your Honor. Thank you. That concludes today's arguments. This court stands in recess.